UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

U.S. ENERGY DEVELOPMENT CORPORATION,
on behalf of itself and on behalf of the following
partnerships: Platinum Energy Partners 2004 A;
Platinum Energy Partners 2004 B LP; Platinum Energy
Partners 2004 C LP; Platinum Energy Partners 2005 A LP;
Platinum Energy Partners 2005 B LP; Platinum Energy
Partners 2005 C LP; Platinum Energy Partners 2005 D LP;
Platinum Energy Partners 2005 E LP; Platinum Energy
Partners 2006 A LP; Platinum Energy Partners 2006 B LP;
Platinum Energy Partners 2006 C LP,

Plaintiffs,

v.

SUPERIOR WELL SERVICES, LTD,

Defendant.

**MEMORANDUM OF LAW**

Docket No.: 1:10-cv-00776-RJA

---

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Defendant Superior Well Services, Ltd.

(hereinafter referred to as "Superior Well") for an Order (1) pursuant to Rule 14(a)(1) of the Federal

Rules of Civil Procedure allowing Superior Well to file and serve a Third-Party Summons and

Complaint against Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc., (2)

staying the Case Management Order pending the outcome of this Motion and, (3) in the event that

this Motion is granted, extending the Case Management Order one hundred and twenty (120) days,

together with such other and further relief this Court deems just and proper.

## FACTUAL AND PROCEDURAL HISTORY

As set forth in the accompanying Attorney Affidavit, U.S. Energy served subpoenas upon

Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc. during the course of discovery. U.S. Energy served documentation it received in response to subpoenas served upon Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc. on or about April 28, 2011 and June 20, 2011. It was not until Superior Well was afforded the opportunity to review and analyze the documents served by U.S. Energy on or about June 20, 2011 that it discovered that Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc. may be liable for some or all of the damages alleged by U.S. Energy. After reviewing and analyzing those documents, a decision was made to pursue a Third-Party Action against Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc.

## ARGUMENT

### SUPERIOR WELL SHOULD BE ALLOWED TO FILE AND SERVE A THIRD-PARTY COMPLAINT AGAINST KROFF, INC., KROFF WELL SERVICES, INC. AND KROFF CHEMICAL COMPANY, INC.

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that a Defendant may serve a Summons and Complaint on a Third-Party who is or may be liable to the Defendant for all or part of the claim against it. Where fourteen (14) days have passed since service of the Defendant's original Answer, leave of court is required before a Defendant can file a Third-Party Complaint.

The purpose of Rule 14 is

> to avoid two actions which should be tried together; to save the time and cost of duplicating evidence; to obtain consistent results from identical or similar evidence; and to do away with the serious handicap to a defendant of a time difference between a judgment against [it] and a judgment in [its] favor against a the third-party defendant.
>
> Luyster v. Textron, Inc., 2010 U.S. District LEXIS 12266 (S.D.N.Y. 2010) citing Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2d. Cir. 1965).

Relevant factors in determining whether to grant a Rule 14(a)(1) Motion include (1) prejudice to the Plaintiff; (2) the timeliness of the motion; (3) whether the Third-Party Action will complicate the trial; (4) and the merit of the Third-Party Action. Horsehead Corp. v. Shinski, 2010 U.S. Dist. LEXIS 43077 (N.D.N.Y. 2010).

As set forth in the accompanying Attorney Affidavit, U.S. Energy will not be prejudiced if Superior Well is allowed to file and serve a Third-Party Summons and Complaint against Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc. The parties are still engaged in paper discovery and have not conducted any depositions. The slight delay to allow Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc. to appear in this action and participate in discovery will not prejudice U.S. Energy.

In addition, there has been no undue delay on the part of Superior Well in making this Motion. After reviewing and analyzing the documents provided by U.S. Energy obtained through the use of its subpoenas, Superior Well promptly made the instant Motion.

Furthermore, the Third-Party Action will not complicate the trial of this matter since representatives from Kroff, Inc., Kroff Well Services, Inc. and/or Kroff Chemical Company, Inc., who have knowledge of the development and production of SAS-II will likely be needed to testify in the main action.

Finally, the Third-Party Action has merit because Kroff, Inc., Kroff Well Services, Inc. and/or Kroff Chemical Company, Inc. partially owned and developed SAS-II and was solely responsible for the production of SAS-II. Therefore, should any judgment be recovered against Superior Well for the damages alleged in the Complaint, Superior Well should be entitled to contribution and/or indemnification from Kroff, Inc., Kroff Well Services, Inc. and/or Kroff Chemical Company, Inc.

## CONCLUSION

Based on the foregoing, Superior Well respectfully requests that this Court issue an Order (1) pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure allowing Superior Well to file and serve a Third-Party Summons and Complaint against Kroff, Inc., Kroff Well Services, Inc. and Kroff Chemical Company, Inc., (2) staying the Case Management Order pending the outcome of this Motion and, (3) in the event that this Motion is granted, extending the Case Management Order for one hundred and twenty (120) days, together with such other and further relief this Court deems just and proper.

DATED:     Buffalo, New York
           August 12, 2011

/s/ Adam C. Ferrandino
Adam C. Ferrandino, Esq.
FELDMAN KIEFFER, LLP
Attorneys for Defendant
SUPERIOR WELL SERVICES, LTD
The Dun Building
110 Pearl Street, Suite 400
Buffalo, New York 14202
(716) 852-5875

To:    Robert J. Lane, Jr., Esq.
      Jessica L. Copeland, Esq.
      HODGSON RUSS LLP
      Attorneys for Plaintiff
      U.S. ENERGY DEVELOPMENT CORPORATION
      140 Pearl Street, Suite 100
      Buffalo, New York 14202
      (716) 856-4000