UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

U.S. ENERGY DEVELOPMENT CORPORATION,

         Plaintiff,

v.

SUPERIOR WELL SERVICES, INC., n/k/a NABORS
COMPLETION & PRODUCTION SERVICES, CO.,
as successor in interest to SUPERIOR WELL SERVICES.
LTD.,

         Defendant.

───────────────────────────────────────────────

SUPERIOR WELL SERVICES, INC., n/k/a NABORS
COMPLETION & PRODUCTION SERVICES, CO.,
as successor in interest to SUPERIOR WELL SERVICES
LTD.,

         Third-Party Plaintiff,

v.

KROFF CHEMICAL COMPANY, INC.,

         Third-Party Defendant.

───────────────────────────────────────────────

**DECISION AND ORDER**

10-CV-00776-JJM

   The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c).[1] Before me is the motion of third-party defendant Kroff Chemical Company, Inc. ("Kroff") [141][2] pursuant to Fed. R. Civ. P. ("Rule") 12(c) to dismiss the Second Amended Third-Party Complaint of defendant/third-party plaintiff, Superior Well Services, Inc. ("Superior") seeking contribution and indemnification. Oral argument was held on September 25,

---

[1] The parties to the first-party action initially consented to proceed before a Magistrate Judge [21]. Following the initiation of the third-party action, the third-party defendant also consented on the record during the November 6, 2012 conference to proceed before a Magistrate Judge [75].

[2] Bracketed references are to the CM-ECF docket entries.

2014. For the following reasons, Kroff's motion is denied, without prejudice to renewal at a later date.

## BACKGROUND

Familiarity with the facts and procedural history of this case is presumed.

## ANALYSIS

"It is well established that district courts possess the inherent power and responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases." In re World Trade Center Disaster Site Litigation, 722 F.3d 483, 487 (2d Cir. 2013). "This power includes the authority to decide the order in which to hear and decide pending issues." Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 218 (5th Cir.), cert. denied, 525 U.S. 1055 (1998).

As I stated at oral argument, Kroff's argument that Superior's claims can be clearly resolved on the pleadings appears to be somewhat undercut by the timing of its motion, which was not made until approximately one year after the Third Amended Complaint [117] and Second Amended Third-Party Complaint [122] were filed and until almost the close of more than two-and-a-half years of discovery. Given that anomaly and the fact that discovery is now complete, I believe that proper resolution of the current issues would benefit from consideration of a full factual record.  Counsel for plaintiff and Superior confirmed at oral argument that they each intend to move for summary judgment on their respective claims and/or defenses.

## CONCLUSION

For these reasons, Kroff's motion [141] to dismiss the Second Amended Third-Party Complaint is denied, without prejudice to renewal either as a motion for summary judgment or as a Rule 12(b)(6) motion in conjunction with the other forthcoming dispositive motions.

**SO ORDERED**.

Dated: September 26, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge